```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
SONYA DURAKU, NIEVES SANCHEZ, and       :
JULIA INIRIO,                           :
                            Plaintiffs, :     09 Civ. 9351 (DLC)
                                        :
                -v-                     :          ORDER
                                        :
TISHMAN SPEYER PROPERTIES, INC.,        :
                            Defendant.  :
                                        :
----------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/10

DENISE COTE, District Judge:

On November 12, 2009, Sonya Duraku, Nieves Sanchez, and Julia Inirio ("plaintiffs") filed a complaint against their employer, Tishman Speyer Properties, Inc. ("defendant"), alleging employment discrimination based on sex, national origin, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Plaintiffs' employment is governed by a collective bargaining agreement between their union, the Service Employees International Union, Local 32BJ (the "Union"), and the Realty Advisory Board on Labor Relations (the "RAB"), to which defendant is a party (the "CBA"). On February 1, 2010, defendant moved to compel arbitration and dismiss the complaint on the grounds that the CBA requires mandatory arbitration of plaintiffs' employment discrimination claims. On March 1, plaintiffs' filed their opposition.

Plaintiffs argue that because the Union has refused to permit them to arbitrate their claims pursuant to the CBA, this action represents the only vehicle for vindicating their statutory civil rights. On March 29, defendant filed its reply in which it indicates for the first time that on February 17, 2010, the Union and the RAB entered into an agreement that supplements the CBA by setting forth procedures for non-binding mediation followed by binding arbitration of employment discrimination claims that are not pursued by the Union (the "February 2010 Agreement"). Defendant seeks an order to compel plaintiffs to mediate and/or arbitrate their claims pursuant to the CBA and the supplemental February 2010 Agreement. Because plaintiffs have had no opportunity to address defendant's arguments based on the February 2010 Agreement, it is hereby

ORDERED that plaintiffs shall serve and file no later than **April 23, 2010**, a surreply of no more than ten pages that addresses the argument in defendant's reply that they should be compelled to mediate and/or arbitrate their claims pursuant to the February 2010 Agreement.

IT IS FURTHER ORDERED that defendant shall serve and file its response, if any, to plaintiffs' surreply no later than **April 30, 2010**. Defendant's response shall be limited to ten pages or less.

IT IS FURTHER ORDERED that at the time each party serves its motion papers, it shall supply two courtesy copies to Chambers by mailing or delivering them to the United States Courthouse, Room 1040, 500 Pearl Street, New York, New York.

SO ORDERED:

Dated:   New York, New York
         April 16, 2010

                                    _____
                                            DENISE COTE
                                    United States District Judge