```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
SONYA DURAKU, NIEVES SANCHEZ, and         :
JULIA INIRIO,                             :
                          Plaintiffs,     :   09 Civ. 9351 (DLC)
                                          :
              -v-                         :   OPINION & ORDER
                                          :
TISHMAN SPEYER PROPERTIES, INC.,          :
                          Defendant.      :
                                          :
-----------------------------------------X
```

APPEARANCES:

For plaintiffs:

Troy L. Kessler
Marijana F. Matura
Misiano Shulman Capetola & Kessler, LLP
510 Broadhollow Road, Suite 110
Melville, New York 11747

For defendant:

Allen B. Roberts
Amy J. Traub
Anna A. Cohen
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177

DENISE COTE, District Judge:

Defendant Tishman Speyer Properties, Inc. ("Tishman Speyer") has moved pursuant to Fed R. Civ. P. 12(b)(1) and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, to dismiss the complaint filed by plaintiffs Sonya Duraku, Nieves Sanchez, and Julia Inirio (collectively, the "plaintiffs") for lack of subject matter jurisdiction and to compel arbitration of

plaintiffs' employment discrimination claims.  For the following reasons, the motion is granted in part.

BACKGROUND

At all times relevant to the complaint, plaintiffs were employed as cleaners at a commercial office building managed by Tishman Speyer located at 666 Fifth Avenue in New York, New York.  Plaintiffs' employment is governed by a collective bargaining agreement between their union, Service Employees International Union, Local 32BJ ("Union"), and the Realty Advisory Board on Labor Relations ("RAB"), to which Tishman Speyer is a party (the "CBA").

The CBA includes a mandatory arbitration provision. Article VIII of the CBA provides that arbitration is the "sole and exclusive method for the determination" of all "matters over which a Contract Arbitrator has jurisdiction," including "all differences arising between the parties as to interpretation, application or performance of any part of [the CBA], and such other issues as are expressly required to be arbitrated before him/her."  Article XIX of the CBA, in turn, provides in pertinent part:

> There shall be no discrimination against any present
> or future employee by reason of . . . national origin,
> sex, . . . or any characteristic protected by law,
> including, but not limited to, claims made pursuant to
> Title VII of the Civil Rights Act, . . . the New York

> State Human Rights Law, the New York City Human Rights
> Code, . . . or any other similar laws, rules or
> regulations.  All such claims shall be subject to the
> grievance and arbitration procedures (Articles VII and
> VIII) as the sole and exclusive remedy for violations.

Plaintiffs contend that under the CBA, the Union has sole discretion to decide whether to grieve a claim, whether to arbitrate, and whether to discontinue or settle an employee's claim without continuing to arbitration.[1]  According to plaintiffs, individual employees have no right to grieve or pursue arbitration of their claims.

Plaintiffs allege that they were subjected to harassment and retaliated against by their supervisors at 666 Fifth Avenue. Plaintiffs brought their complaints to the attention of the Union, but the Union refused to arbitrate their claims.  On January 23, 2009, plaintiffs each filed written charges with the United States Equal Employment Opportunity Commission (the "EEOC"), alleging employment discrimination based on sex and national origin and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law, N.Y. Exec. L. § 290 et seq. ("NYSHRL"), and the New York City Human Rights Law,

---

[1] Article VII of the CBA provides:  "All Union claims are brought by the Union alone and no individual shall have the right to compromise or settle any claim without the written permission of the Union."  The proper interpretation of this clause of the CBA is a matter of dispute between the Union and the RAB.

3

N.Y.C. Admin. Code. § 8-101 et seq. ("NYCHRL").  On August 14, the EEOC issued a "Notice of Right to Sue" to each plaintiff.

On November 12, 2009, plaintiffs filed a complaint against Tishman Speyer, which asserts employment discrimination and retaliation claims under Title VII, the NYSHRL, and the NYCHRL. On February 1, 2010, Tishman Speyer filed a motion to dismiss the complaint and compel arbitration of plaintiffs' claims pursuant to Fed R. Civ. P. 12(b)(1) and the FAA.  On March 1, plaintiffs' filed their opposition.  On March 29, Tishman Speyer filed its reply.

In its reply, Tishman Speyer indicated for the first time that the Union and the RAB have entered into a supplemental agreement to the CBA dated February 17, 2010 (the "February 2010 Agreement").  The February 2010 Agreement establishes a protocol for non-binding mediation followed by binding arbitration of employment discrimination claims.  Mediation is required "[w]henever it is claimed that an employer has violated the no discrimination clause (including claims based in statute) of one of the CBAs, whether such claim is made by the Union or by an individual employee."  Under the mediation protocol, "[a] notice of claim shall be filed within the applicable statutory statute of limitations, provided that if an employee has timely filed such claim in a forum provided for by statute, the claim will not be considered time-barred."  Further, "[m]ediation shall be

4

completed before the claim is litigated on the merits," except that "the Union may proceed directly to arbitration and bypass this Mediation procedure if it so chooses."  If mediation is unsuccessful, arbitration is required in those cases where "the Union has declined to take an individual employee's employment discrimination claim under the no discrimination clause of the CBA (including statutory claims) to arbitration and the employee is desirous of litigating the claim."

By Order dated April 16, 2010, plaintiffs were granted permission to file a surreply limited to addressing the issue of the February 2010 Agreement's impact on the pending motion to compel arbitration.  Plaintiffs filed their surreply on April 23 and Tishman Speyer filed its response on April 30.

## DISCUSSION

"The FAA is an expression of a strong federal policy favoring arbitration as an alternative means of dispute resolution."  Ragone v. Atl. Video at Manhattan Ctr., 595 F.3d 115, 121 (2d Cir. 2010) (citation omitted).[2]  The Supreme Court

---

[2] The FAA does not "independently confer subject matter jurisdiction on the federal courts."  Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont, 565 F.3d 56, 63 (2d Cir. 2009) (citation omitted).  "Thus, there must be an independent basis of jurisdiction before a district court may entertain petitions under the Act."  Id. (citation omitted).  In Vaden v. Discover Bank, -- U.S. --, 129 S. Ct. 1262 (2009), the Supreme Court held that under § 4 of the FAA, federal courts have

has said on numerous occasions that "the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., No. 08-1198, -- S. Ct. --, 2010 WL 1655826, at *11 (Apr. 27, 2010) (citation omitted) ("Stolt-Nielsen"). The FAA provides that an arbitration clause in a contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; Stolt-Nielsen, 2010 WL 1655826, at *11. Under § 4 of the FAA, "a party to an arbitration agreement may petition a United States district court for an order directing that 'arbitration proceed in the manner provided for in such agreement.'" Stolt-Nielsen, 2010 WL 1655826, at *11 (quoting 9 U.S.C. § 4).

Under the FAA, unless parties have unambiguously provided for an arbitrator to decide questions of arbitrability, it is for courts to decide whether the parties agreed to arbitrate the claims at issue. Telenor Mobile Commc'ns AS v. Storm LLC, 584 F.3d 396, 406 (2d Cir. 2009). To determine whether all or part of an action should be sent to arbitration, the Court must consider: (1) whether the parties agreed to arbitrate; (2) the

---

jurisdiction to hear a petition to compel arbitration so long as the underlying dispute between the parties "arises under" federal law. See Vaden, 129 S. Ct. at 1273. Because plaintiffs' Title VII claim "arises under" federal law, federal subject matter jurisdiction exists in this case.

6

scope of that agreement; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims in the case are arbitrable, whether to stay the balance of the proceedings pending arbitration.  <u>JLM Industries, Inc. v. StoltNielsen SA</u>, 387 F.3d 163, 169 (2d Cir. 2004).

Resolution of these issues in the instant case dictates that each of plaintiffs' claims must be submitted to mediation and arbitration.  A collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate statutory employment discrimination claims is enforceable as a matter of federal law unless Congress precluded waiver of judicial remedies for the statutory rights at issue.  <u>14 Penn Plaza LLC v. Pyett</u>, 129 S. Ct. 1456, 1465 (2009).  As set forth above, the CBA and February 2010 Agreement between the Union and the RAB expressly require the resolution of plaintiffs' statutory claims through mediation and/or arbitration.  Furthermore, Congress did not intend for plaintiffs' federal discrimination and retaliation claims to be nonarbitrable.  <u>Id.</u> at 1469; <u>see also Desiderio v. Nat'l Ass'n of Sec. Dealers</u>, 191 F.3d 198, 204-05 (2d Cir. 1999); <u>Rodriguez v. Four Seasons Hotels, Ltd.</u>, 09 Civ. 2864 (DLC), 2009 WL 2001328, at *3 (S.D.N.Y. July 10, 2009).

Plaintiffs' arguments against arbitration are unavailing. The fact that the February 2010 Agreement does not expressly

7

state that it applies "retroactively" or to employees who, like plaintiffs, have already elected to pursue their statutory rights in another forum does not relieve plaintiffs of their obligation to abide by the mediation and arbitration protocol. The February 2010 Agreement states: "<u>Whenever</u> it is claimed that an employer has violated the no discrimination clause (including claims based in statute) of one of the CBAs, . . . the matter <u>shall</u> be submitted to mediation." (Emphasis added.) Thus, mediation is available <u>whenever</u> the "no discrimination" clause of the CBA is allegedly violated, provided that the employee has filed a claim within the applicable statute of limitations in a forum provided by statute. Further, arbitration is mandated under the protocol when "the Union has declined to take an individual employee's employment discrimination claim under the no discrimination clause of the CBA (including statutory claims) to arbitration and the employee is desirous of litigating the claim." Thus, the mediation and arbitration protocol explicitly addresses its application to plaintiffs' circumstances in this case.

In their surreply, plaintiffs also argue for the first time that their retaliation claims are not covered by the "no discrimination" clause of the CBA, and are therefore not subject to mediation and/or arbitration. Plaintiffs did not raise this

argument in their opposition[3] and it is beyond the scope of the surreply authorized by the April 16 Order.  As such, it is not properly before the Court.  In any event, this argument is without merit.  The CBA states unambiguously that all "claims made pursuant to [Title VII], . . . the [NYSHRL], the [NYCHRL] . . . shall be subject to the grievance and arbitration procedures."  Likewise, the mediation and arbitration protocol established in the February 2010 Agreement applies to "discrimination claim[s] under the no discrimination clause of the CBA (including statutory claims)."  (Emphasis added.)  Thus, plaintiffs' retaliation claims, like their discrimination claims, are subject to mediation and arbitration.

Tishman Speyer has moved for dismissal of plaintiffs' claims rather than a stay pending arbitration.  While § 3 of the FAA requires a district court to stay proceedings where an issue before it is arbitrable under an agreement, see 9 U.S.C. § 3, courts have discretion to dismiss, rather than stay, an action when all of the issues in it must be arbitrated.  Salim

---

[3] Indeed, plaintiff's argument is in tension with the position put forth in their opposition brief.  In their opposition, the sole grounds upon which plaintiffs opposed Tishman Speyer's motion was that the CBA effectively deprived plaintiffs of any forum in which to adjudicate their harassment and retaliation claims once the Union refused to pursue arbitration.  This argument presupposes that the "no discrimination" and arbitration provisions in the CBA empowered the Union to block arbitration of not only plaintiffs' discrimination claims, but their retaliation claims as well.

Oleochemicals v. M/V Shropshire, 278 F.3d 90, 92-93 (2d Cir. 2002).  A decision to dismiss, however, has implications for the speed with which the arbitration may begin.  While a dismissal is reviewable by an appellate court under § 16(a)(3) of the FAA, a stay is an unappealable interlocutory order under Section 16(b).  Id. at 93.  The Second Circuit has therefore urged courts deciding whether to dismiss or stay litigation pending arbitration to "be mindful of this liberal federal policy favoring arbitration agreements" and consider that "[u]nnecessary delay of the arbitral process through appellate review is disfavored."  Id. (citation omitted).  Accordingly, to promote expeditious resolution of this dispute, this action shall be stayed pending arbitration.

CONCLUSION

Tishman Speyer's February 1, 2010 motion to compel arbitration of plaintiffs' claims is granted. The motion to dismiss is denied. If plaintiffs wish to pursue their claims, they shall commence mediation and/or arbitration within thirty days of this Opinion in accordance with the protocol set forth in the February 2010 Agreement and the CBA. This action shall be stayed pending the outcome of the arbitration.

SO ORDERED:

Dated:   New York, New York
         May 27, 2010

                                      _____
                                              DENISE COTE
                                      United States District Judge